**MARKLEY, Plaintiff-Appellee, v. MOTTER, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4748.  Decided September 25, 1952.

Frank E. Bennett, Columbus, for plaintiff-appellee.
B. N. Murray, Columbus, for defendant-appellant.

## OPINION

By THE COURT.

This is a law appeal from the judgment of the Municipal Court of Columbus, Ohio. The action was instituted by the plaintiff-appellee to recover a deposit of $400.00 made on a contract to purchase certain real property, the same being paid to the defendant-appellant as broker. The contract specified that said deposit was to be held in trust until its terms were accepted and conditions fulfilled. It specified further that it was made contingent upon the buyer being able to get a loan of $12,000.00 on the property within fifteen days.

On the issues joined the defendant-appellant admitted the contract and deposit of the $400.00 but denied that all of the terms and conditions of the contract had not been fulfilled. The trial court found in favor of the plaintiff for the amount prayed for.

The errors assigned are threefold, to wit:

1. The Court committed error in overruling defendant's motion to plaintiff's petition requiring the same to be made definite and certain.

2. The Court committed error in overruling defendant's motion for judgment on the evidence and pleadings made when plaintiff rested its case.

3. The Court committed error in finding for the plaintiff on his

petition and also for the plaintiff on defendant's cross-petition. Said finding being against the manifest weight of the evidence.

We find that the Court committed no prejudicial error in overruling the defendant's motion to make the petition definite and certain.

As to assignments Numbers 2 and 3 a factual question was presented for the determination of the trial judge. The pertinent question was whether the plaintiff was able to procure a $12,000.00 loan as specified in the contract. We have read the entire bill of exceptions and find that there was a direct conflict in the testimony on this question.

On factual questions a reviewing Court will accept the determination of the fact-finding entity, be it Court or jury, unless so manifestly against the weight of the evidence as to shock the conscience to permit it to stand. We find nothing in this record to substantiate a reversal on the weight of the evidence. Finding no error in the record the judgment will be affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.